'COURT OF APPEALS OF WEST VIRGINIA. 501

January Term.    John G Shirley *vs.* George S. Bonham. *et ux.*, *et al.*    1872

## Wheeling.

JOHN G. SHIRLEY *vs.* GEORGE S. BONHAM, *et ux.*, *et al.*

January Term, 1872.

1. When suit is brought by husband and wife, the interest of the wife in the subject matter of the suit, must be averred or shown in the declaration.

2. It is error, where a suit is brought by a next friend, to allege in the declaration the indebtedness of the defendant to the next friend, as such. In a legal sense, the next friend could not have such relation to the infant plaintiff until the institution of the suit, and it follows that there could be no such indebtedness to *him* as the next friend, *prior* to the institution of the suit, if indeed there could be afterwards.

The case came from the circuit court of Jefferson county.

The only question determined here was the demurrer to the declaration, which had been overruled in the court below.

The defendant brought the case here for review.

*Kennedy* for the plaintiff in error.

BERKSHIRE, P.    The only question properly reserved in this case, is that which arises on the demurrer to the declaration.    The action is assumpsit by Bonham and *wife*, and B. F. Baley as the next friend of Mary C. Riley, infant heir of Edmund A. Riley, against the appellee.

The interest of the wife in the subject matter of the suit, is not averred or shown in the declaration.    In the case of *Hawver* vs. *Seibert and wife*, 4 W. V. R., 586, this court held that as it was averred in the declaration that the bond upon which the suit by the husband and wife was founded, was executed to the wife, her interest in the suit was sufficiently shown, and the declaration was sustained.

As no such averment is made in the declaration in the present case, it is fatally defective for this reason.    1 *Chitty's*

*Pl'g*, p. 34.    We are also of opinion that the declaration is fatally defective in averring, as it does, the indebtedness of the defendant to the husband and wife, and to *B. F. Baley* as the next friend of the infant plaintiff.    In a legal sense, he could not have such relation to the infant plaintiff, until the institution of the suit, and it follows that there could be no such indebtedness to *him*, as the next friend, *prior* to the institution of the suit, if indeed there could be afterwards. On account of the insufficiency of the declaration, the judgment must be reversed with costs, and the cause remanded to the circuit court for further proceedings, with leave to the appellees to file an amended declaration, if they desire to do so.

The other judges concurred.

JUDGMENT REVERSED.